UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff<br><br>         -against-<br><br>ALBERT LUCAS,<br><br>                    Defendants. | 19 Cr. 291 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is Defendant Albert Lucas's request to modify the conditions of his supervised release such that he does not have to wear an ankle monitor for the remainder of his six-month term of home confinement.  (See Dkt. no. 578.) According to Lucas, when he began his term of home confinement, Probation enabled an application on his cell phone called "Smartlink," which requires the user to respond to intermittent notifications and confirm that the user is in his or her residence to ensure compliance with the home confinement condition.  (See dkt. no. 578-1; see also dkt. no. 584 at 2.) This was, according to the Government, "the least restrictive means of enforcing home detention for the defendant because it avoids the need for the defendant to wear a radio frequency bracelet."  (Dkt. no. 584 at 2.)  Mr. Lucas found the application intrusive and "unhealthy," however, because it "made it very hard for [him] to stay up after a long day at work and

1

also function properly at work during the day." (Dkt. no. 578-1.)[1]  Thus, Mr. Lucas requested that Probation provide an alternative method of monitoring compliance, and Probation accommodated him by installing a radio frequency ankle bracelet in lieu of the Smartlink application.  (Dkt. no. 578-1; dkt. no. 584 at 2.)

Mr. Lucas now asks that he be permitted to remove the radio frequency ankle bracelet because (1) his "company will not allow [him] to go [in] the field or work with this device on," which "will result in [him] losing his job" and (2) "the church will not allow [him] to lead the congregation . . . with such a device on," which "will limit [his] community service activities and [his] ability to go to church."  (Dkt. no. 578-1.)

According to the Government, there are only three available means of ensuring Mr. Lucas's compliance with his home confinement condition:  (1) the Smartlink application, (2) the radio frequency ankle bracelet, and (3) a GPS ankle bracelet. (Dkt. no. 584 at 1.)  The radio frequency bracelet currently being used is smaller and less cumbersome than a GPS bracelet, and for that reason the radio frequency bracelet was chosen when Mr. Lucas requested an alternative to the Smartlink application.

---

[1]  The Government takes the position that Mr. Lucas "failed to comply with the requirements of the Smartlink application." (Dkt. no. 584.)

(Id. at 1-2.)  The Government represents that the radio frequency bracelet "is not visible to the public under ordinary pants and, therefore, should not interfere with the defendant's work or church activities" (dkt. no. 584 at 2), and Probation notes that over the past decade many individuals have been able to maintain jobs with a radio frequency bracelet without it interfering with their work (id. at 2 n.2).

To the extent Mr. Lucas requests a modification of the conditions of his supervised release that would enable him to serve home confinement without any means for Probation to ensure his compliance, the request is denied.  Simply put, Probation must be able to monitor Mr. Lucas's whereabouts to ensure his compliance with the home confinement condition.  If Mr. Lucas would prefer to return to using the Smartlink application instead of the radio frequency bracelet and he is able to comply with the application's requirements to Probation's satisfaction, he may do so for the duration of his home confinement.

Accordingly, Mr. Lucas's request (dkt. no. 578) is denied.

**SO ORDERED.**

Dated:    New York, New York
          August 17, 2022

_____
LORETTA A. PRESKA
Senior United States District Judge